United States District Court
Northern District of Ohio
203 U.S. Courthouse and Custom House
Toledo, OH 43624-1385

James G. Carr
Chief Judge

(419) 259-6420
Fax (419) 259-6427
E-Mail: james_g_carr@ohnd.uscourts.gov

Dear Litigant,

The United States District Court for the Northern District of Ohio provides litigants with several options to assist them to achieve a fair and speedy resolution of their disputes. One important option is the opportunity to consent to the trial jurisdiction of the experienced magistrate judge assigned to your case.

A magistrate judge may conduct any or all proceedings, including trial, in a jury or nonjury civil matter and order the entry of judgment upon the consent of the parties (28 U.S.C. §636(c)). Because they do not hear criminal felony matters, magistrate judges can often establish civil trial dates sooner, and adhere to those dates more firmly, than Article III judges whose civil dockets are often interrupted by the requirements of the criminal Speedy Trial Act.

The Court encourages litigants to consent to the trial jurisdiction of the magistrate judge assigned to their case. The magistrate judge can help litigants proceed with the case at a pace agreeable to the parties and may have more flexibility in scheduling. Consent to the magistrate judge need not add any additional steps to the litigation process. Appeals upon judgments in a case disposed of by a magistrate judge on consent of the parties must be taken directly to the United States Court of Appeals for the Sixth Circuit (Local Rule 73.2).

Litigants give consent to the trial jurisdiction of a specific magistrate judge, not to magistrate judges in general (Local Rule 73.1(b)). Where the litigants have consented to the trial jurisdiction of a magistrate judge and that magistrate judge is no longer able to work on the case, the case will be returned to the assigned Article III judge and the parties may consent or refuse to consent to the trial jurisdiction of any magistrate judge subsequently assigned to the case.

Litigants who wish to consent to the trial jurisdiction of the magistrate judge assigned to their case should complete the enclosed Consent to Exercise of Jurisdiction by a United States Magistrate Judge and Order of Reference form. Please note that the form requires all parties to signify their consent.

Sincerely,

James G. Carr
Chief Judge

attachments

# UNITED STATES DISTRICT COURT
## Northern District of Ohio

______________________
Plaintiff

v.

______________________
Defendant

CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE AND ORDER OF REFERENCE

Case Number: ______________________

**CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

| Signatures | Party Represented | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that this case be referred to ______________________ United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S. C. 636(c), Fed.R.Civ.P. 73 and the foregoing consent of the parties.

______________________ ______________________

*Date* *United States District Judge*

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ***ONLY IF*** ALL PARTIES HAVE CONSENTED ***ON THIS FORM*** TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# UNITED STATES DISTRICT COURT
# Northern District of Ohio

## NOTICE & ORDER

Pursuant to 28 U.S.C. §636(c)(1) and LR 73.1, a Magistrate Judge of the Northern District of Ohio may, upon consent of all parties to an action, and entry of an order of reference by the Judge, exercise trial jurisdiction in civil actions, both jury and non-jury, and enter final judgment therein.

If all parties to this action consent and an order of reference is entered, the case will be assigned to a Magistrate Judge pursuant to LR 73.1. If all parties do not consent, or if an order of reference is not entered, the action will remain with the Judge to whom it is assigned. The decision of counsel on this matter of consent is entirely voluntary. Your response is joint, and disclosure of individual decisions is not required.

Pursuant to Local Civil Rule 73.1, Recusal, Resignation or Death of Magistrate Judge, where the parties have consented of the transfer of a civil case to a Magistrate Judge under section (a) above, if the Magistrate Judge thereafter recuses, resigns or dies, the case shall be returned to the District Court Judge. The Clerk shall immediately assign another Magistrate Judge by the random draw and notify the parties of such new assignment. Within ten (10) days after such notification by the Clerk, the parties shall indicate their consent, or lack thereof, to transferring the case to the newly-assigned Magistrate Judge under 28 U.S.C. §636(c). If the parties do not consent to the transfer, the case shall remain with the District Court Judge.

At the time the last appearance of counsel is made on behalf of the named defendant, the parties are to communicate with each other on this matter. ***It is the responsibility of plaintiff's counsel to initiate such consultation. The response is to be returned within ten (10) days of the last appearance.*** The response must contain the signatures of all counsel.

Pursuant to 28 U.S.C. §636(c)(3) all appeals relating to magistrate consent cases must be heard only in the court of appeals.

Please return the completed response form to the Office of Clerk of the Court as promptly as possible. If an order of reference is entered by the Court, you will be advised by the Clerk as to which Magistrate Judge the case has been assigned for further proceedings.

**Geri M. Smith,**
**Clerk of Court**

*(See form on the reverse side)*

o:\forms\consent.pdf
revised January 2002

# UNITED STATES MAGISTRATE JUDGES

*Their Function*
*And Purpose*
*In Our*
*Federal Courts*

FMJA

*A Publication of Federal Magistrate Judges Association*

## Understanding the Function and Purpose of United States Magistrate Judges.

The backbone of an independent federal judiciary is life-tenured judges appointed under Article III of the Constitution. In America's federal trial courts, justice is administered by life-tenured District Judges, and by judges who serve fixed-terms: United States Magistrate Judges and United States Bankruptcy Judges.

This brochure illuminates the function and purpose of United States Magistrate Judges who are independent judges serving federal district courts in an adjunct capacity by dealing with cases, or parts of cases, assigned to them by District Judges.

## Title and Manner of Addressing a United States Magistrate Judge.

- ***The official title of these judges is "United States Magistrate Judge."***
- ***A United States Magistrate Judge should be addressed, orally and in writing, as "Judge _____," to be consistent with the position's judicial role and official title as prescribed by law.***
- ***Although some state courts have a judicial officer called a "magistrate," that title as applied to a United States Magistrate Judge is obsolete. To address these judges simply as "Magistrate" is akin to improperly addressing a Lieutenant Colonel as "Lieutenant," or a Bankruptcy Judge as "Bankruptcy."***

## Answers to Some Commonly Asked Questions.

**Q: What are the standards for selecting a federal magistrate judge?**

**A:** To be appointed as magistrate judge, an individual must:

- have been a member in good standing of the bar of the highest court of a State, District, Territory, or Commonwealth of the United States for at least five years;
- be determined by the appointing district court to be competent to perform the duties of the office;
- be unrelated to a judge of the appointing court; and
- be selected pursuant to standards promulgated by the Judicial Conference of the United States.

**Q: What's the difference between a district court and a "magistrate judge's court"?**

**A:** There is no "magistrate court." Both district and magistrate judges preside in United States district courts created under Article III of the Constitution.

**Q: What's the difference between district and magistrate judges?**

**A:** District judges are life-tenured judges nominated by the President and confirmed by the Senate. Magistrate judges are fixed-term judges appointed by district judges for eight-year renewable terms via a merit selection process.

**Q: How do civil litigants request trials before magistrate judges?**

**A:** All parties must consent in writing and the case must be officially transferred by the district judge. Forms are available from the clerk of court.

**Q: Are a party's rights affected when litigants consent to have a magistrate judge hear a case?**

**A:** Consenting to jurisdiction of a magistrate judge does not eliminate substantive or procedural rights litigants would otherwise have before a district judge. For example, parties retain their right to a jury trial.

**Q: Do magistrate judges handle many civil jury cases?**

**A:** Yes. In 1999, magistrate judges conducted approximately 21 percent of the civil jury trials in United States district courts. When all parties consent, magistrate judges may conduct trials and enter judgments in civil cases of any type or size.

**Q: Do magistrate judges handle many criminal cases?**

**A:** Yes. With consent of defendants, magistrate judges may preside in Class A misdemeanor cases, including conducting jury trials. In 1999, magistrate judges terminated 10,733 Class A misdemeanor cases. Although magistrate judges do not preside at felony trials, they may conduct preliminary and post-conviction proceedings in felony cases. Magistrate judges may conduct trials and dispose of all petty offense cases.

## The Role of Magistrate Judges.

*United States Magistrate Judges are generalist judges with a broad range of responsibilities. While their duties may vary with the specific needs of each district court, Magistrate Judges handle a wide array of federal civil and criminal cases nationwide.*

*A sampling of the judicial functions performed by Magistrate Judges demonstrates the potential breadth of their authority:*

- *Presiding at civil jury trials by consent of the parties and entering judgments;*
- *Presiding at criminal misdemeanor jury trials by consent of the parties and imposing sentences;*
- *Pretrial case management in complex civil cases;*
- *Conducting preliminary proceedings in all criminal cases;*
- *Conducting settlement conferences;*
- *Hearing and determining pretrial motions;*
- *Hearing and recommending disposition of summary judgment and other case-dispositive motions;*
- *Reviewing prisoner suits collaterally attacking convictions or complaining of conditions of confinement; and*
- *Issuing arrest and search warrants.*

## A Historic Overview.

The United States magistrate judge system evolved from the United States commissioner system established in 1793. Congress conducted an exhaustive examination of the commissioner system in 1965. Witnesses overwhelmingly favored overhauling the system and enhancing the commissioner position.

The Federal Magistrates Act of 1968 created the position named United States magistrate to denote the break with the commissioner system. The Act increased the criminal trial jurisdiction of these new judicial officers over that of commissioners, and also authorized the new officers to assist judges of district courts in handling a wide range of proceedings in civil and criminal cases.

**In 1976, 1979, and 2000, further amendments were enacted which specifically:**

- *Authorized magistrate judges to try any civil case upon consent of the parties and to order the entry of final judgment;*
- *Expanded trial jurisdiction of magistrate judges to all federal misdemeanors;*
- *Required that magistrate judges be selected and appointed in accordance with regulations promulgated by the Judicial Conference of the United States;*
- *Expanded magistrate judges' civil and criminal contempt authority;*
- *Gave magistrate judges plenary authority in Class B and C misdemeanor cases without the consent of the defendant; and*
- *Gave magistrate judges authority to sentence juvenile defendants to terms of imprisonment in misdemeanor cases.*